UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

MICHAEL ANDREW STRATTON,      )
                              )
    Plaintiff,                )
                              )
                              ) Civil Action No. 14-CV-120-HRW
v.                            )
                              )
MICAHEL SPEANEK, *et al.*,    ) **MEMORANDUM OPINION**
                              ) **AND ORDER**
    Defendants.               )
                              )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Michael Andrew Stratton is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI")-Ashland, located in the Ashland, Kentucky. Stratton has filed a *pro se* civil rights complaint alleging violations of his federal constitutional rights under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Stratton alleges that the named defendants[1] have violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution. By separate Order, Stratton has been granted *in forma pauperis* status. [D. E. No. 11]

---

[1] The named defendants are: (1) Michael Sepanek, Warden of FCI-Ashland; (2) "C. Eichenlaub, Director of the BOP's Mid-Atlantic Regional Office ("MARO"); and (3) Charles Samuels, Director of the BOP.

The Court has conducted a preliminary review of Stratton's complaint because he asserts claims against government officials and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Because Stratton is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But as explained below, the Court determines that Stratton has not alleged a claim upon which relief can be granted as to his allegation that he has been denied due process of law.

## ALLEGATIONS OF THE COMPLAINT

Stratton alleges that at some point prior to January 10, 2013, the FCI-Ashland staff informed him that he would not be permitted to use the monitored e-mail/TRULINCS system. The term "TRULINCS" stems from the Trust Fund Limited Inmate Computer System (TRULINCS)-Electronic Messaging, the terms and conditions of which are set forth and governed by BOP Program Statement 5265.13, which states in relevant part, at p. 2 therein:

> 2. **AUTHORITY**
>
> The Bureau's authority to implement TRULINCS is found in 18 U.S.C. § 4042, which authorizes the Bureau to provide for the safekeeping, care, and subsistence of Federal prisoners. Pursuant to that authority, the CEO prohibits or discontinues its operation, or individual inmates' participation, whenever it is determined to jeopardize the safety, security, or orderly operation of the correctional facility, or the protection of the public and staff.

> **Use of the TRULINCS is a privilege; therefore, the Warden or an authorized representative may limit or deny the privilege of a particular inmate (see Section 3 for restrictions).**
>
> Individual inmates may be excluded from program participation as part of classification procedures (see Section 3). Information supporting the exclusion is forwarded to the Warden for final determination.
>
> By participating in the TRULINCS program, inmates, and the persons in the community with whom they correspond, voluntarily consent to having all incoming and outgoing electronic messages, including transactional data, message contents, and other activities, monitored and retained by Bureau staff. This authority includes rejecting individual messages sent to or from inmates using TRULINCS that jeopardize the above-mentioned interests. (Emphasis added).

Stratton states that on January 10, 2013, he submitted a "Request for Administrative Remedy" to Warden Sepanek complaining about the denial TRULINCS e-mail access, which Warden Sepanek denied on January 14, 2013; that he appealed that decision to the MARO; that the MARO denied his appeal on June 7, 2013; and that on some unspecified date in 2013, he submitted his final administrative appeal (BP-11) to the BOP Central Office. [D. E. No. 1, p. 4] Stratton states that as of July 8, 2014 (two weeks before he filed this *Bivens* action on July 21, 2014), he had received no response from the BOP Central Office, and that the "BOP" has violated his right to due process of law by failing to respond to his final administrative appeal. [*Id.*] He seeks an order directing the BOP "...to allow my use of E-mail (Trulincs)." [*Id.*, p. 6]

## DISCUSSION

Stratton claims that by denying his administrative grievance and first appeal, Warden Sepanek and "C." Eichenlaub violated his right to due process of law, guaranteed by the Fifth Amendment of the U.S. Constitution. He further claims that Charles Samuels, Director of the BOP, denied his due process rights by failing to respond to his final administrative appeal.

Stratton states no claim upon which relief can be granted on these claims because the mere denial of prisoner grievances by supervisory or higher-ranking administrative officials is insufficient personal involvement for imposing constitutional liability, under either *Bivens* or 42 U.S.C. § 1983. *See Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012); *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 F. App'x. 307, 309 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Further, prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Unpublished Table decision); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). This claim fails on its merits, and must be dismissed.

Next, to the extent that Stratton seeks an order directing the BOP to reinstate his e-mail access through TRULINCS, his claim fails for two reasons. First, Stratton has not alleged facts which support his claim on this issue; he alleges only in broad and conclusory terms that his TRULINCS privileges should be reinstated. Because Stratton provides no details explaining why his access to the TRULINCS e-mail system was terminated, the Court is unable to determine whether the termination of that privilege was warranted.

A complaint need not contain detailed factual allegations, but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory statements also will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). But lacking relevant facts that would explain why Stratton's prison e-mail privileges were terminated, the Court is unable to assess his claim on this issue. Simply, put, Stratton has not alleged facts that support his broad allegation that the BOP should reinstate his TRULINCS privileges.

Second, Stratton possessed no protected liberty interest in using e-mail correspondence through the TRULINCS system. Program Statement 5265.13 expressly provides that a prisoner's use of electronic messaging is a "privilege" which the Warden can limit or deny "when it is determined that their use would threaten the safety, security, or orderly running of the institution or the protection of the public and staff." *Id.*, § 3 ("TRULINCS RESTICTIONS).

Further, several district courts have explained that the benefits made available to prisoners under the TRULINCS system, including the use of e-mail correspondence, are merely an institutional privileges, not constitutionally protected rights, which can be limited at the discretion of the warden. *Jones v. Daniels*, No. 10-88-GFVT, 2010 WL 2228355, at *11 (E. D. Ky. June 2, 2010) (dismissing with prejudice prisoner's First Amendment claims challenging all aspects of the TRULINCS policy, Program Statement 5265.13, including the provision that outgoing postal mail bear a TRULINCS-generated mailing label); *see also Parisi v. Lappin*, No. 10-40030, 2011 WL 1045016, at *2-3 (D. Mass. Mar. 18, 2011) (concluding that "Program Statement 5365.13 passes constitutional muster," as it is "reasonably related to legitimate penological interests," that is, "to protect the public and reduce crime"); *Dunlea v. Fed. Bureau of Prisons*, No. 3:10-CV-214, 2010 WL 1727838, at *2 (D. Conn. Apr. 20, 2010) (federal inmate's

6

constitutionally protected rights were not violated when Warden refused her TRULINCS privileges to send electronic messages to her friends and family because her underlying conviction had involved the use of a computer), *abrogated on other grounds by Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135 (2d Cir. 2010).[2]

Another case, *Green v. Maye*, No. 1:12-CV-65, 2012 WL 1982249 (W.D. Tex. June 1, 2012), is instructive as to the issue of the BOP's broad discretion to revoke or limit a prisoner's use of the electronic messaging system. In *Green*, the prisoner used the TRULINCS e-mail system to order a book entitled "Hacking Exposed" which prison officials confiscated, and which led to an investigation uncovering various contraband items in his cell. *Id.* at *1. When prison officials terminated Green's e-mail privileges, he filed a civil action asserting due process and equal protection violations. *Id.* The court rejected Green's claims, holding that as an interpretive rule, Program Statement 5265.13 is unreviewable by a district court because it falls within the BOP's broad discretionary powers to

---

[2] Other courts have rejected claims brought by prisoners alleging the violation of their due process and other constitutional rights when their access to the TRULINCS electronic message system had been terminated. *See Hoffman v. Federal Bureau of Prisons*, No. 3:13-CV-852, 2013 WL 5529612, at *4 (S.D. Ill. Oct. 7, 2013); *Solan v. Zickefoose*, 530 F. App'x 109, 111 (3rd Cir. 2013) (inmate barred from using TRULINCS after misuse of computer system had no First Amendment, Equal Protection, Due Process, or Administrative Procedure Act claim); *Hammonds v. Fed. Bureau of Prisons*, No. 11–CV–578, 2012 WL 759886 (N. D. Tex. March 7, 2012) (Administrative Procedure Act does not confer jurisdiction for court to enjoin BOP from denying inmate access to TRULINCS, based on offense conduct of enticement of minor to engage in sexual activity and other offenses).

administer prisons, which courts are generally unwilling to second-guess. *Id*, at *3. The district court explained as follows:

> In that policy statement the BOP acknowledges that its authority to implement TRULINCS is found in 18 U.S.C. § 4042(a). *Id.* at 2. Section 4042(a) addresses only the general responsibilities of the BOP, and thus, "[t]he absence of specific guidelines of appropriate conduct by BOP officials in administering these duties ... leaves judgment or choice to BOP officials.

*Id.*

This Court agrees with that rationale.

For these reasons, Stratton's *Bivens* complaint fails to state a claim upon which relief can be granted. His complaint will be dismissed and Judgment will be entered in favor of the defendants.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff Michael Andrew Stratton's 28 U.S.C. § 1331 civil rights Complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

(2) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This November 26, 2014.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge

8